**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| PERRIE BONNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>H&R BLOCK MORTGAGE )<br>CORPORATION, )<br>)<br>Defendant. ) | 2:05-cv-162<br><br>Judge Rudy Lozano<br><br>Magistrate Judge Paul R. Cherry |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff, Perrie Bonner, through his attorneys, Edelman, Combs, Latturner & Goodwin, LLC, and pursuant to Federal Rule of Civil Procedure 37, respectfully requests that this Court enter an order compelling defendant H&R Block Mortgage Corporation ("H&R") to provide responsive discovery, within seven days. In support of this motion, plaintiff states as follows:

1. On June 29, 2005, plaintiff served his Third Set of Discovery Requests on defendant. (<u>Appendix A</u>).

2. On August 15, 2005, defendant responded to plaintiff's Third Set of Discovery Requests. Defendant refused to provide any response to Interrogatory Requests Nos. 5 and 6 or Request for Production No. 4. (<u>Appendix B</u>). Defendant objected that the requests sought the production of a class list and the actual mailer attached to the Complaint was only sent to the Plaintiff.

3. On August 18, 2005, plaintiff sent correspondence outlining certain deficiencies in those responses and requested a conference pursuant to the Court's Local Rule 37.1. (<u>Appendix C</u>). Specifically, plaintiff requested responses to Interrogatory Requests Nos. 5 and 6 on the ground that the number of persons who received and responded to the solicitation and the terms of any loans made were relevant to whether the solicitation constituted a "firm offer of credit." Plaintiff also requested a response to respect to Request for Production No. 4 for the

same reason, as well relevance to the issue of "willfulness."

4.     On September 15, 2005, pursuant to the Court's Local Rule 37.1, the parties discussed, via telephone, the matters outlined in the August 18, 2005 correspondence in a one hour telephonic conference.

5.     On October 3, 2005, counsel for plaintiff wrote to confirm the areas of agreement and disagreement from that conference.  (Appendix D ¶ 18, at 3).  Defendant stood on the objections and would not provide any response to Interrogatory Request Nos. 5-6 or Request for Production No. 4.

6.     Plaintiff has a good faith belief that this information is relevant and necessary to his prosecution of this case.

7.     Production of the Truth in Lending Disclosure Statements for loans made as a result of the mailing of the form of Exhibit A to the Complaint to putative class members is relevant to two issues: first, whether numerosity is sufficient and second, whether a firm offer of credit was extended by the mailing in the form of Exhibit A to the Complaint.  Numerosity is also relevant as to the class.  Moreover, the authorities require the disclosure of such information.  The Seventh Circuit has held that "a plaintiff's failure to put forth sufficient or even minimal evidence of numerosity is enough to deny a motion for class certification."  Retired Chi. Police Ass'n v. City of Chi., 7 F.3d 584, 596 (7th Cir. 1993).  A plaintiff seeking class certification has a "burden of demonstrating the numerosity requirement of a class action, and 'mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1).'" Roe v. Town of Highland, 909 F.2d 1097, 1100 (7th Cir. 1990).  A plaintiff seeking class certification "cannot rely on 'conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity.'" Id.

Second, Plaintiff alleges that Exhibit A did not constitute a "firm offer of credit" because "[t]he purported offer is vague and totally lacking in terms.  It has no value beyond a solicitation for loan business, the sending of which is not a permissible purpose for accessing a consumer

2

report.  Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004)."  The terms of the actual loans generated by Exhibit A are relevant to whether the sending of Exhibit A was for a specific guaranteed loan program or merely for one of many different loan programs.  In the event the mailing was merely for one of many different loan programs, with no differentiation between this mailing and Defendant's regular direct mail programs (which Plaintiff believes and has alleged to be the case), Plaintiff will use this information to support his claim that "the 'offer' was a [merely] guise for solicitation rather than a legitimate credit product," and cannot be considered a "firm offer of credit."  Cole, 389 F. 3d at 728.

8.  The number of putative class members who actually responded to the solicitation, received credit, the amount of credit, and the terms of those loans are again relevant to the issue of whether a "firm offer of credit" was extended.  In Cole, the Seventh Circuit cited with approval the Federal Trade Commission's Amicus Brief which suggested the following factual issues are relevant to whether a solicitation constitutes a "bona fide firm offer of credit":

> "What type of credit was offered?  What would be the terms of the credit?  Did the creditor have a business plan in place that fully complied with the requirements for firm offers of credit under Section § 1681a(l), including establishing in advance the criteria for the credit?  Did any consumers apply for, or actually get, this credit?  If not, why not? For example, was the offer so unintelligible--were the terms so inherently confusing, contradictory or buried in fine print--that no one applied? Was there any guarantee? Was the credit offer so trivial, or were there so many conditions, that it was not meaningful? . . . (emphasis added).

Cole, 389 F.3d at 728.

9.  Plaintiff has taken steps to resolve this discovery dispute without Court intervention, however defendant has failed to comply with the Federal Rules of Civil Procedure.

10.  A separate certification, pursuant to Fed. R. Civ. Proc. 37.1, is attached hereto as (Appendix E).

WHEREFORE plaintiff respectfully requests this Honorable Court enter an order compelling defendant to provide responses to Interrogatory Requests Nos. 5 and 6 and Request for Production No. 4.

                                              Respectfully submitted,

                                              <u>s/Jeremy P. Monteiro</u>
                                              Jeremy P. Monteiro

Daniel A. Edelman
Jeremy P. Monteiro
EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4

**CERTIFICATE OF SERVICE**

I, Jeremy P. Monteiro, hereby certify that on December 9, 2005, a copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL**, was filed electronically. Notice of this filing will be sent to the below named party, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Arthur F. Radke
Richard Gottlieb
Renee L. Zipprich
aradke@dykema.com
rgottlieb@dykema.com
rzipprich@dykema.com

s/Jeremy P. Monteiro
Jeremy P. Monteiro

Daniel A. Edelman
Jeremy P. Monteiro
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)