# Appendix A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PERRIE BONNER,                    )
                                  )
            Plaintiff,            )
                                  )
       v.                         )      2:05 CV 162
                                  )      Judge Rodolfo Lozano
H&R BLOCK MORTGAGE                )      Magistrate Judge Paul R. Cherry
CORPORATION,                      )
            Defendant.            )

## PLAINTIFF'S THIRD DISCOVERY REQUESTS

Plaintiff hereby requests that defendant respond to the following third set of interrogatories and document requests. Documents should be copied and sent to plaintiffs' counsel on the date your response is due.

## I. INSTRUCTIONS AND DEFINITIONS

Throughout this request:

1.    Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2000 to the present.

2.    If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

1

3.     If any document requested was, but no longer is, in your possession or subject to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

4.     "Consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, including the filing and completion of bankruptcy proceedings, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit.

5.     "Consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## II.  INTERROGATORIES

1.   State the specific criteria used to select the persons to receive the offers reflected in Exhibit A, attached, and when they were developed.

2

2.   State all additional criteria relating to whether a person responding to Exhibit A would receive credit, and when they were developed.

3.   State all the material conditions that comprise the credit product offered in Exhibit A.

4.   State, broken down by month and state, the number of persons who were sent Exhibit A.

5.   State, broken down by month and state,  the number of persons  sent Exhibit A who responded by applying for credit.

6.   State, broken down by month and state, the number of persons who responded to Exhibit A who were extended credit.   For each such person state the amount of credit received, the APR, the down payment required, the number of payments and the amount of each payment.

## III.  REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1.   All documents that reflect or discuss the specific criteria used to select the persons to receive the offer reflected in Exhibit A attached hereto.

2.   All documents that reflect or discuss any additional criteria relating to whether a person sent Exhibit A would receive credit.

3.   All documents that reflect or discuss the material conditions that comprise the credit product offered in Exhibit A.

4.   The truth in lending disclosure statement for all person receiving credit after receiving and responding to Exhibit A.

3

Jeremy P. Monteiro

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Jeremy P. Monteiro
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4

Exhibit 1

## INSTRUCTIONS AND DEFINITIONS

### Definitions

A.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

B.    References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

C.    "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

D.    "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

E.    "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

F.    "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

G.    "Identify" or "identification," when used with respect to a communication, means to state the date of the communication; the type of communication (i.e., telephone

5

conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.   "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

## Instructions

1.   All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2.   To the extent any paragraph is objected to, please set forth all reasons for your objection.

3.   If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4.   Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labelled to correspond with the paragraphs of the request for production.

5.   The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6.   To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7.   "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8.   If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Jeremy P. Monteiro, certify that on June 29, 2005,  I had a copy of this document sent by facsimile and U.S. Mail to:

Richard E. Gottlieb
Arthur F. Radke
Renee L. Zipprich
Dykema Gossett, Rooks Pitts, LLC
10 S. Wacker Drive, Suite 2300
321-627-2302 (fax)

Jeremy P. Monteiro

7

EXHIBIT A

# H&R BLOCK
## mortgage

**To:** Perrie Bonner

**Status:** Open

**Bonus:** $200

RE: YOUR CURRENT HOME MORTGAGE
Perrie Bonner
7911 Indian Boundary
Gary, IN  46403-1308

**Reservation #:** 125604641

**Action:** Call Now
1-800-535-0741

**Dear Perrie Bonner,**

Congratulations, you have been pre-selected for a home loan from H&R Block Mortgage. You already know that H&R Block is concerned about saving you money and finding you tax advantages wherever we can.  Well, H&R Block Mortgage is also concerned with saving you money.

The fact is, you may be paying more than you have to each month on your home and in credit card debt.  We may be able to help you <u>lower your monthly payments</u> and <u>take advantage of potential tax deductions.</u>*  Also, act now and receive a **$200 savings on closing costs.**

1) **Refinance and potentially reduce the rate and/or term of your current home loan**
2) **Save thousands and own your home sooner**
3) **Use cash to pay off higher interest debt**
4) **Take advantage of potential tax deductions***

**Our loan specialists are waiting to give you your FREE analysis.** There's absolutely no obligation, so call today and find out what you may be able to save each month.

Call 1-800-535-0741, or if you prefer, complete the simple form on the reverse side and return it in the postage-paid envelope.

Perrie, it doesn't cost you anything to find out more-and you may have a lot to gain!

Sincerely,

Scott Hodgden
District Manager

## Call H&R Block Mortgage right now:

# 1-800-535-0741

*Contact your H&R Block Tax Advisor.

004-2375280  19:58

---



**H&R BLOCK**
mortgage

| Offer Expires 8/31/2005 | March 10, 2005 |

THE SUM OF:      * * * **Two Hundred Dollars** * * *          | **$200.00** |

ISSUED TO: Perrie Bonner
7911 Indian Boundary
Gary, IN  46403-1308

Not a real check.
Credit towards closing costs.
_____
SIGNATURE H&R BLOCK MORTGAGE OFFICER
125604641 Indianapolis HRBMC

---

NON-NEGOTIABLE. NOT A CHECK.  •  PLEASE COMPLETE REVERSE SIDE WHEN RESPONDING BY MAIL.

NOTICE REGARDING PRE-SELECTED OFFER

Information contained in your credit report was used in connection with this offer. You have received this offer because you have met our criteria for creditworthiness used to select you for this offer. We may be unable to extend credit, if, after you respond to this offer, we determine that you no longer meet the criteria used to select you for this offer or any other criteria that we have established bearing on your creditworthiness. This offer is further conditioned on verification of your income and employment, willingness and ability to grant us a first-priority lien on the subject property securing the loan, and any other information provided in your application.

You have the right to prohibit use of your file with any credit reporting agency in connection with any transaction that you did not initiate. You may exercise that right by notifying Equifax Options, PO Box 740123, Atlanta, GA 30374-0123; Trans Union, Name Removal Option, PO Box 97328, Jackson, MS 39288; Experian Consumer OPT-OUT, PO Box 919, Allen, TX 75013; or call 1-888-5OPT-OUT (1-888-567-8688).



Not all programs are available in all areas. Program restrictions apply. H&R Block Mortgage Corporation is licensed or exempt from licensing to conduct business in all states. H&R Block Mortgage Corporation, 3 Ada, Irvine, CA 92618 is an Arizona Mortgage Banker #BK0902757, licensed by the Department of Corporations under the California Residential Mortgage Lending Act, a Georgia Residential Mortgage Licensee, an Illinois Residential Mortgage Licensee at 6133 N. River Road, Suite 400, Rosemont, IL, 60018, is a Kansas Licensed Mortgage Company, licensee #1998-0597, a Massachusetts Mortgage Lender #ML0039, licensed by the New Hampshire banking department, licensed by New Jersey Department of Banking and Insurance, is a Licensed Mortgage Banker – NYS Banking Department, is licensed by the Pennsylvania Department of Banking, is a Rhode Island Lender Licensee. H&R Block Mortgage Corporation Underwriting Guidelines apply to all loan programs. ©Copyright 2005. H&R Block Mortgage Corporation. All rights reserved. Information accurate on printing date: 03/31/05.

HRB-FCF-0305

---

## Please complete and mail in enclosed envelope.

Home phone ( _____ ) _____
Best time to call     am _____ pm _____

Work phone ( _____ ) _____
Best time to call     am _____ pm _____

E-mail address _____

Home owned since _____

Purchase price _____

Estimated market value _____

Current mortgage balance due _____

Current interest rate _____

Interested in:

❑ Refinance                    ❑ Debt Consolidation

❑ Home Improvement             ❑ Other _____

**H&R BLOCK**®
mortgage

# Appendix B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PERRIE BONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:05-CV-00162-RL-PRC |
| v. | ) |
| | ) Judge Rudy Lozano |
| H&R BLOCK MORTGAGE | ) Magistrate Judge Paul R. Cherry |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## THIRD DISCOVERY REQUESTS

Defendant H&R Block Mortgage Corporation ("HRBMC"), by its attorneys, answers, responds and objects to Plaintiff's Third Discovery Requests as follows:

## GENERAL RESPONSES AND OBJECTIONS

The following general responses and objections (the "General Objections") are incorporated by reference into HRBMC's answers and responses to each of Plaintiff's discovery requests:

1. To the best of its knowledge, information and belief, formed after reasonable inquiry, HRBMC's Answers to Plaintiffs' Third Discovery Requests are complete and correct as of the time of this Response. In the event that HRBMC learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing, HRBMC will supplement this Response as required under Rule 26(e).

2. HRBMC expressly states that (a) it is not raising all objections to Plaintiff's Third Discovery Requests that could be raised and (b) the failure to raise such objections here is not

intended to waive the raising of such objections in the future. HRBMC further states that the production of documents pursuant to this Request is not intended to constitute an admission as to the authenticity of any documents. HRBMC also reserves the right to raise at any hearing or trial in this matter all objections (including relevance objections) to the admission of any (a) document produced, (b) information supplied, or (c) admission made.

3.      HRBMC will produce all documents it has agreed to produce for inspection in the manner required by Rule 34(b) at the offices of Dykema Gossett, PLLC, 10 South Wacker Drive, Chicago, Illinois, at a mutually convenient time.

4.      HRBMC expressly states that it intends to preserve its attorney-client privilege, work product protection and all other applicable privileges. Any agreement to produce documents in this Response is expressly made subject to this provision. To the extent that any documents are withheld pursuant to this paragraph, HRBMC will provide a log of such privileged and protected documents. Such log, however, will include only those documents created prior to the commencement of this action.

5.      HRBMC expressly states that it intends to protect all information regarding trade secrets, confidential research, development, or other commercial information. Any agreement to produce documents or supply information in this Response is expressly made subject to this provision, and any such production will be made pursuant to the Protective Order entered in this action.

6.      HRBMC expressly states that it intends to protect all information concerning non-parties to this action to the extent that the disclosure of such information is governed by applicable law. Any agreement to produce documents or supply information in this Response is

2

expressly made subject to this provision. Documents or information withheld on this ground will be identified.

7.     HRBMC objects to any directions, definitions or instructions contained in Plaintiffs' Third Discovery Requests that seek to impose upon HRBMC obligations in excess of, or different from, those required by the Federal Rules, including any obligation to supplement answers, or any discovery orders entered by the Court.

8.     HRBMC objects to Plaintiff's Third Discovery Requests on the grounds that they are overbroad because they seek information beyond the scope of the relevant time period at issue in this action. HRBMC therefore limits its responses herein to those facts, events, or circumstances occurring from April 29, 2003 to April 28, 2005, and to documents created or utilized within that timeframe.

9.     With respect to HRBMC's failure to admit or deny any Requests to Admit below, HRBMC states that it has made a reasonable inquiry and that the information known or readily available to HRBMC is insufficient to enable it to admit or deny.

## ANSWERS TO INTERROGATORIES

1.     State the specific criteria used to select the persons to receive the offers reflected in Exhibit A, attached, and when they were developed.

**ANSWER:**     Supplementing its General Objections, HRBMC objects to Interrogatory No. 1 on the ground that it is overly broad and unduly burdensome, and calls for the preparation of a compilation, audit, summary or abstract of information. In addition, HRBMC further objects to this Interrogatory because the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone by HRBMC or on its behalf. Subject to and without waiving the foregoing and General Objections, HRBMC will make all non-privileged,

3

non-protected documents from which the answer to this Interrogatory may be derived, available

for inspection and copying, after entry of a protective order, and after any interested third parties

have had an opportunity to object, at a mutually convenient time and place.

2.    State all additional criteria relating to whether a person responding to Exhibit A
would receive credit, and when they were developed.

**ANSWER:**    Supplementing its General Objections, HRBMC objects to Interrogatory No. 2

because it presupposes that the document attached as Exhibit A was sent to persons in addition to

Plaintiff. To the best of HRBMC's knowledge, the original document sent to Plaintiff was sent

only to Plaintiff. HRBMC further objects to this Interrogatory because the documents attached

as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone

by HRBMC or on its behalf. In addition, HRBMC further objects to Interrogatory No. 2 on the

grounds that it is overly broad and unduly burdensome, and calls for the preparation of a

compilation, audit, summary or abstract of information.    HRBMC further objects to this

Interrogatory on the ground that the undefined term "additional criteria" renders the

Interrogatory vague, ambiguous, and unintelligible.

3.    State all the material conditions that comprise the credit product offered in Exhibit
A.

**ANSWER:**    Supplementing its General Objections, HRBMC objects to Interrogatory No. 3 on

the grounds that it is overly broad and unduly burdensome, the phrase "material conditions that

comprise" is vague, ambiguous and unintelligible, and may call for the preparation of a

compilation, audit, summary or abstract of information. In addition, HRBMC further objects to

this Interrogatory because the documents attached as Exhibit A do not constitute a true, correct,

or accurate copy of any document sent to anyone by HRBMC or on its behalf. Subject to and

without waiving the foregoing and General Objections, HRBMC states that each prescreened

4

offer letter is based on pre-established qualification parameters for one or more mortgage loan products. The letter sent to Plaintiff was sent in connection with making him a firm offer for one or more mortgage loan products offered by HRBMC. If, when responding to the offer letter, the verification process demonstrates that the consumer continues to meet the pre-existing criteria for the mortgage loan products, the consumer will receive one or more firm offers of credit offer for those mortgage loan products. The specific terms of the mortgage loan offered, such as the interest rate and loan amount offered, will depend on the individual creditworthiness of the consumer and the equity value of the property to be mortgaged.   In addition, pursuant to Federal Rule of Civil Procedure 33(d), HRBMC refers Plaintiff to those business records from which the answer to this Interrogatory may be derived, including, but not limited to, its underwriting guidelines.

4.      State, broken down by month and state the number of persons who were sent Exhibit A.

**ANSWER:**   Supplementing its General Objections, HRBMC objects to Interrogatory No. 4 because the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone by HRBMC or on its behalf. In addition, HRBMC further objects to this Interrogatory because it presupposes that the document attached as Exhibit A was sent to persons in addition to Plaintiff. To the best of HRBMC's knowledge, the document sent to Plaintiff was sent only to Plaintiff. HRBMC further objects to this Interrogatory on the grounds that this Interrogatory seeks information about persons who are not members of the putative class which Plaintiff purports to represent, no class has been certified in this action, and HRBMC has already admitted that the class which Plaintiff purports to represent satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Therefore, production of class lists is beyond the scope of the disclosures required at this time.

5.      State, broken down by month and state the number of persons sent Exhibit A who responded by applying for credit.

**ANSWER:**   Supplementing its General Objections, HRBMC objects to Interrogatory No. 5

because the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of

any document sent to anyone by HRBMC or on its behalf. In addition, HRBMC further objects

to this Interrogatory because it presupposes that the document attached as Exhibit A was sent to

persons in addition to Plaintiff. To the best of HRBMC's knowledge, the document sent to

Plaintiff was sent only to Plaintiff. HRBMC further objects to this Interrogatory on the grounds

that this Interrogatory seeks information about persons who are not members of the putative class

which Plaintiff purports to represent, no class has been certified in this action, and HRBMC has

already admitted, above, that the class which Plaintiff purports to represent satisfies the

numerosity requirement of Federal Rule of Civil Procedure 23(a)(1). Therefore, production of

class lists is beyond the scope of the disclosures required at this time.


6.      State, broken down by month and state the number of persons who responded to Exhibit A who were extended credit. For each such person, state the amount of credit received, the APR, the down payment required, the number of payments and the amount of each payment.

**ANSWER:**   Supplementing its General Objections, HRBMC objects to Interrogatory No. 6

because the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of

any document sent to anyone by HRBMC or on its behalf. HRBMC further objects to this

Interrogatory because it presupposes that the document attached as Exhibit A were sent to

persons in addition to Plaintiff. To the best of HRBMC's knowledge, the document sent to

Plaintiff was sent only to Plaintiff. HRBMC further objects to Interrogatory No. 6 on the

grounds that it seeks information that is protected from disclosure by an individual's right to

privacy under state and federal laws, and seeks information that is not relevant to the subject

matter of the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents that reflect or discuss the specific criteria used to select the persons to receive the offer reflected in Exhibit A attached hereto.

**RESPONSE:** HRBMC objects to Request No. 1 because the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone by HRBMC or on its behalf. HRBMC further objects to this Request because it presupposes that the documents attached as Exhibit A were sent to persons in addition to Plaintiff. To the best of HRBMC's knowledge, the document sent to Plaintiff was sent only to Plaintiff. Subject to and without waiving the foregoing and General Objections, HRBMC will make non-privileged, non-protected documents that are responsive to this Request available for inspection and copying, after entry of a protective order, at a mutually convenient time and place.

2.     All documents that reflect or discuss any additional criteria relating to whether a person sent Exhibit A would receive credit.

**RESPONSE:** Supplementing its General Objections, HRBMC further objects to Request No. 2 on the ground that the undefined term "additional criteria" renders the Request vague, ambiguous, and unintelligible. In addition, HRBMC objects to this Request on the ground that the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone by HRBMC or on its behalf. HRBMC further objects to this Request because it presupposes that the documents attached as Exhibit A were sent to persons in addition to Plaintiff. To the best of HRBMC's knowledge, the document sent to Plaintiff was sent only to Plaintiff. Subject to and without waiving the foregoing and General Objections, HRBMC will make all non-privileged, non-protected documents that are responsive to this Request available

7

for inspection and copying, after entry of a protective order, at a mutually convenient time and place.

3.    All documents that reflect or discuss the material conditions that comprise the credit product offered in Exhibit A.

**RESPONSE:** Supplementing its General Objections, HRBMC objects to Request No. 3 on the ground that the use of the phrase "material conditions that comprise" is vague and ambiguous. In addition, HRBMC objects to this Request on the ground that the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone by HRBMC or on its behalf. Subject to and without waiving the foregoing and General Objections, HRBMC will make all non-privileged, non-protected documents that are responsive to this Request available for inspection and copying, after entry of a protective order, at a mutually convenient time and place.

4.    The truth in lending disclosure statement for all persons receiving credit after receiving and responding to Exhibit A.

**RESPONSE:** Supplementing its General Objections, HRBMC objects to Request No. 4 on the grounds that: (1) the phrase "receiving credit after receiving and responding to Exhibit A" renders the Request vague, ambiguous and unintelligible; (2) the documents attached as Exhibit A do not constitute a true, correct, or accurate copy of any document sent to anyone by HRBMC or on its behalf; (3) the Request seeks documents that are neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence; (4) the Request is overly broad and unduly burdensome because it is not limited in scope to the issues in this action; and (5) the Request is unduly burdensome because compliance with the Request, as phrased, would require HRBMC to contact each and every customer who obtained a loan from HRBMC in connection with a prescreened offer of credit.

Date:  August 15, 2005                    **H&R BLOCK MORTGAGE CORPORATION**

                                          By: _____
                                                One of Its Attorneys

Richard E. Gottlieb
Arthur F. Radke
Renee L. Zipprich
DYKEMA GOSSETT ROOKS PITTS PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700 (phone)
(312) 876-1155 (fax)

9

## VERIFICATION AS TO INTERROGATORIES ONLY

Darren Hume, the Vice President of Marketing of Defendant H&R Block Mortgage Corporation, hereby verifies, under penalty of perjury, that to the best of his knowledge and belief, and after reasonable investigation and review of the documents and information relating to this case, the information contained in the answers to the interrogatories above is complete, true and correct as of the date of his signature below.

Dated: _8/12/05_                    By: _____
                                        Darren Hume

PAS01\22205.1
ID\NAC

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 15, 2005**, I served the foregoing **Defendant's Answers to**

**Plaintiff's Third Discovery Requests** via e-mail and mail to the following:

Daniel A. Edelman (<u>courtECL@aol.com</u>)
Cathleen M. Combs (<u>ccombs@edcombs.com</u>)
James O. Latturner (<u>jlatturner@edcombs.com</u>)
Jeremy P. Monteiro (<u>jmonteiro@edcombs.com</u>)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
312-739-4200 (phone)
312-419-0379 (fax)

Margaret J. Rhiew

PAS01\22205 1
ID\NAC

11